**FILED**

# United States District Court
### Eastern District of North Carolina
### Western Division

OCT 1 2 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Case No. _____ 5:23-CT-3279-BO _____

Randy Dewayne Pittman

Inmate Number 49695-177

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

# COMPLAINT

-against-

*(Pro Se* Prisoner)

Federal Bureau of Prisons;
L. B. Kelly, Warden;
Merrick Garland, Attorney
General

Jury Demand?
☑ Yes
☐ No

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section IV. Do not include addresses here.)*

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

---

Case 5:23-ct-03279-BO    Document 6    Filed 10/12/23    Page 1 of 10

## I.    COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

☑  42 U.S.C. § 1983 (state, county, or municipal defendants)

☐  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

☐  Action under Federal Tort Claims Act (United States is the proper defendant; must have presented claim in writing to the appropriate Federal agency and received a notice of final denial of the claim pursuant to 28 U.S.C. § 2401(b))

## II.    PLAINTIFF INFORMATION

Randy Dewayne Pittman
Name

49695-177
Prisoner ID #

FCI Butner II
Place of Detention

P.O. Box 1500
Institutional Address

Butner                            NC                    27509-4500
City                              State                 Zip Code

## III.    PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

☐  Pretrial detainee   ☐ State   ☑ Federal
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced state prisoner
☐  Convicted and sentenced federal prisoner

Case 5:23-ct-03279-BO    Document 6    Filed 10/12/23    Page 2 of 10

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: Federal Bureau of Prisons
Name

Current Job Title

P.O. Box 1600
Current Work Address

Butner.          NC          27509
City              State        Zip Code

Capacity in which being sued: ☐ Individual ☑ Official ☐ Both

Defendant 2: L.B. Kelly — Warden
Name

Warden FCI Butner II
Current Job Title

P.O. Box 1600
Current Work Address

Butner          NC          27509
City              State        Zip Code

Capacity in which being sued: ☐ Individual ☑ Official ☐ Both

**Defendant(s) Continued**

Defendant 3: Merrick Garland

Name

Attorney General

Current Job Title

950 Pennsylvania Ave, N.W.

Current Work Address

Washington     D.C.     20530-0001

City           State        Zip Code

Capacity in which being sued: ☐ Individual ☑ Official ☐ Both

Defendant 4: _____

Name

_____

Current Job Title

_____

Current Work Address

_____

City           State        Zip Code

Capacity in which being sued: ☐ Individual ☐ Official ☐ Both

## V.  STATEMENT OF CLAIM

Place(s) of occurrence: Texas, Georgia, South Carolina, North Carolina

Date(s) of occurrence: February 02, 2022 – Present

State which of your federal constitutional or federal statutory rights have been violated:

Deliberate Indifference – Right to Medical Treatment

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

On 02/02/2022 I entered BOP custody at FMC Fort Worth ("FTW"). I came into the BOP with an active MAT therapy plan; using SUBOXONE 24mg per day. I promptly demanded to continu MAT therapy. On 02/11/2022 I met with the BOP's MAT Coordinator – Dr. Christina Feliciano, PhD. – who "cleared" me to continue MAT therapy, using SUBOXONE. Staff at FTW refused to provide me SUBOXONE so I filed an administrative remedy. I was denied access to MAT therapy.

Since I was at FTW I've been denied MAT therapy at USP Atlanta ("ATL"), FCI Edgefield ("EDG") and FCI Butner II ("BTF"). I've already provided this Court a copy of an administrative remedy request that states I'd be provided MAT therapy in 30-60 days. When I met with the MAT Point of Contact ("POC")

> **Who did what to you?**

**What happened to you?**

**When did it happen to you?**

**Where did it happen to you?**

at BTF — Dr. Draude — he told me I won't begin MAT therapy — using SUBOXONE — until "30 days before discharge." This is clearly inconsistent with BOP policy and previous litigation pertaining to the exact same type of case. In Crews v. Sawyer, No. 19-2541-JWB, 2020 U.S. Dist. LEXIS 55666 (D. Kan. Mar. 31, 2020) ("CvS") this exact same case was presented. In CvS the BOP's Medical Director, Dr. Jeffrey D. Allen, M.D., provided a Declaration, signed under the penalty of perjury. The Declaration stated that "so long as it remains medically necessary and appropriate [Plaintiff] will be able to remain on MAT therapy with SUBOXONE during his entire period of incarceration with the BOP." (Doc. 37-3 at 5.) Dr. Allen also stated that the BOP's Program Statement (6031.04) "does not preclude long-term treatment of Opioid Use Disorder ("OUD") with SUBOXONE." (Id at 2). On November 5, 2019 the BOP issued guidance "expanding its MAT Program to include all FDA approved MAT medications currently available in the United States, including SUBOXONE." (Doc. 37-5 at 3.) The guidance provides that offenders who enter the BOP with "prescribed MAT treatment plans will be continued on those plans." (Id at 5-6.) The BOP's expansion of its MAT Program was, in past, to comply with the First Step Act ("FSA"). The FSA requires that

the BOP develop and implement "plans to expand access to evidence-based treatment for heroin and OUD for prisoners, including access to MAT in appropriate cases." FSA, Pub. L. 115-391, 132 Stat. 5193, 5244 (2018). Dr. Draude is not a BOP policymaker and has no control over whether I receive medication. (CvS Docs 49-4 at 3; 52 at 8.). If I do not receive MAT therapy I will face irreparable physical injury which could lead to death. The BOP has already addressed this issue in court. This Court should simply review CvS and enter a restraining order prohibiting the BOP from denying me MAT therapy, using SUBOXONE 24mg per day and issue an emergency injunction requiring the BOP to continue treatment during the pendency of this action. According to the Declaration and guidance, Dr. Allen, and the BOP issued I meet all criteria for MAT therapy, using SUBOXONE and, like the court in CvS, this Court should require the BOP to provide me the same treatment I received prior to my incarceration; which I came into BOP custody with a prescription for SUBOXONE 24mg per day. Please see original Complaint for additional information. My physical injuries are ongoing as I'm denied medical treatment that could lead to death if this Court does not act immediately.

**What was your injury?**

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Have you filed a grievance concerning the facts relating to this complaint?  ☑ Yes  ☐ No

If no, explain why not:

Is the grievance process completed?  ☑ Yes  ☐ No

If no, explain why not:

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

I'm requesting the Court require the BOP to provide me MAT therapy, using SUBOXONE 24mg per day. I'm also requesting the Court issue a restraining order that prohibits the BOP from refusing to provide me MAT therapy, using SUBOXONE. I'm requesting the Court issue an injunction requiring the BOP to continue my treatment during the pendency of this case.

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?               ☑ Yes    ☐ No

If yes, how many?  Unknown

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

I do not have prior case information because the BOP made me throw away all property during transit. Likewise, I admit I received one "strike" in the Southern District of Mississippi, in 2023. But, I also show that I am filing this action because I am a prisoner under imminent danger of serious physical injury if the Court does not provide me the relief sought since this case pertains to medical treatment. Pursuant 28 U.S.C. 1915(g) I show I'm entitled to relief in this case.

Case 5:23-ct-03279-BO    Document 6    Filed 10/12/23    Page 9 of 10

## IX.   PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

*Each Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

10/05/2023
Dated

Plaintiff's Signature

Randy Dewayne Pittman
Printed Name

49695-177
Prison Identification #

P.O. Box 1500       Butner        NC     27509-4500
Prison Address         City              State    Zip Code

Case 5:23-ct-03279-BO     Document 6     Filed 10/12/23     Page 10 of 10